# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| VERONICA MAE PALMER, § | |
| Plaintiff, § | |
| v. § | No. 3:16-CV-2197-BF |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social Security § | |
| Administration, § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

Plaintiff Veronica Mae Palmer ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act pursuant to Title 42, United States Code, Section 405(g). For the following reasons, the final decision of the Commissioner is REVERSED and REMANDED.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments including hernias, depression, and anxiety. Tr. 70-75, ECF No. 17-3. After her application was denied initially and on reconsideration, a hearing was held on November 19, 2014 in Dallas, Texas before administrative law judge Lissette C. Perez (the "ALJ") pursuant to Plaintiff's request. Tr. 62, ECF No. 17-3. Plaintiff was represented by an attorney, Jeff Sullivan, and also present at the hearing was Vocational Expert, Susan Brooks. Tr. 62, ECF No. 17-3. Plaintiff was born on September 21, 1969, and was 45 years old at the time of the hearing. Tr. 47 & 62, ECF No. 17-3. Plaintiff has a high school education. Tr. 47, ECF No. 17-3. Plaintiff has worked in the past as a receptionist. Tr. 64 & 86, ECF No. 17-3. Plaintiff has not engaged in substantial gainful activity since May 29, 2013. Tr. 38, ECF No. 17-3.

The ALJ issued her decision finding that Plaintiff has not been under a disability as defined

in the Social Security Act from the application date of May 29, 2013 through the date of her decision on January 30, 2015. Tr. 48-49, ECF No. 17-3. The ALJ determined that Plaintiff had the following severe impairments: bipolar disorder, post-traumatic stress disorder, and allergic dermatitis. Tr. 38, ECF No. 17-3. The ALJ also determined that Plaintiff had the following non-severe physical impairments: (1) multiple hernias status-post hernia repair surgeries and herniorrhaphy pain; (2) ovarian cyst; (3) diffuse fatty liver; (4) obstructive uropathy; (5) kidney stones; and (5) ruptured breast implant. Tr. 38, ECF No. 17-3. The ALJ stated that the evidence showed that these conditions were sporadic, did not last for long periods of time, caused little to no physical restrictions, and did not effect Plaintiff's ability to work. Tr. 38, ECF No. 17-3. The ALJ determined that Plaintiff also had the non-severe mental impairment of substance abuse, but the record indicated that Plaintiff had not used alcohol in years, and although she sporadically used marijuana to treat pain, this use did not result in increased mental restrictions. Tr. 38, ECF No. 17-3. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 38, ECF No. 17-3.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), but with the following restrictions: (1) occasionally push, pull, operate foot controls, and climb stairs; (2) no scaffolds, ladders, or ropes; (3) frequently stoop, bend, balance, crouch, kneel, and crawl; (4) no exposure to unprotected heights, uneven terrain, concentrated amounts of vibration, extreme temperature changes, hazardous materials, moving machinery, commercial driving, or concentrated levels of humidity, fumes, or dust; (5) perform simple, routine, and repetitive tasks; (6) no team work; (7) no exposure to the general public; and (8) maintain attention, concentration, persistence, and pace for at least two hours

at a time for a total of eight hours. Tr. 41, ECF No. 17-3. The ALJ determined that Plaintiff could not perform her past relevant work as a receptionist, but Plaintiff had the RFC to perform the tasks of the following occupations: (1) addresser; (2) surveillance system monitor; (3) final assembler; and (4) table worker. Tr. 47-48, ECF No. 17-3.

Plaintiff appealed the ALJ's decision to the Appeals Council, and on May 24, 2016, the Appeals Council denied Plaintiff's request. Tr. 2, ECF No. 17-3. Plaintiff subsequently filed this action in the district court on July 28, 2016. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the

3

>> individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to

determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## **ANALYSIS**

Plaintiff argues that the ALJ failed to give the proper weight to the opinion of Dr. George Hariz, her treating vascular and laparoscopic surgeon. Pl.'s Br. 11, ECF No. 20. Plaintiff argues that the ALJ erred by failing to conduct an analysis of the 20 C.F.R. § 416.927(c) ("Section 416.927(c)") factors, because the record does not include opinions from other examining sources regarding Plaintiff's physical condition. Pl.'s Br. 11-12, ECF No. 20. Plaintiff contends that the ALJ offered a single sentence analysis of Dr. Hariz's opinion which stated that "little weight [was given] to [Dr. Hariz's] opinion, as it is inconsistent with the record as a whole, which indicates that the claimant

5

regularly exhibited a normal gait and intact strength, sensation, and range of motion." Pl.'s Br. 12, ECF No. 20; Tr. 45, ECF No. 17-3. Plaintiff points out that the ALJ also stated that she "has also considered the restrictions to heavy lifting, straining, riding a bicycle, and pushing put in place by Dr. Hariz in 2013 and 2014[,]" but she gave "little weight to these restrictions, as they were intended to be short-term restrictions in response to recent hernia repair surgeries." " Pl.'s Br. 12, ECF No. 20; Tr. 45, ECF No. 17-3. Plaintiff argues that the ALJ's scant analysis of Dr. Hariz's opinion falls short of what is required by the Fifth Circuit as set forth in *Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). Pl.'s Br. 12, ECF No. 20. Plaintiff argues that if the ALJ engaged in the proper multi-factor analysis, she would have discovered that Dr. Hariz personally examined Plaintiff at least six times and held a treatment relationship with Plaintiff that included at least four surgical repairs for hernias over multiple years. Pl.'s Br. 12, ECF No. 20. Plaintiff argues that, rather than discounting the limitations offered after surgical repairs of her recurring hernias, the ALJ should have recognized that the limitations set forth in the treatment notes were consistent with Dr. Hariz's assessment, and that the hernias ruptured repeatedly when Plaintiff did not engage in the pushing, pulling, sitting, standing, and walking required for full-time work. Pl.'s Br. 12, ECF No. 20. In addition, Plaintiff argues that the ALJ failed to note that Dr. Hariz was the doctor who treated her recurrent hernias and is a specialist in the surgical repair of hernias. Pl.'s Br. 12, ECF No. 20. Therefore, Plaintiff argues that remand is required to determine whether, under the proper analysis, Dr. Hariz's opinion should have been given dispositive weight. Pl.'s Br. 13, ECF No. 20.

The Commissioner argues in her response that the ALJ stated that she considered the Section 416.927 factors and gave good cause reasons for giving Dr. Hariz's opinion little weight. Def.'s Br. 6, ECF No. 21. The Commissioner also argues that the ALJ is required to consider each of the

Section 416.927 factors where the record does not have competing first-hand medical evidence, but there was ample competing first-hand evidence in the form of Dr. Hariz's own treatment notes. Br. 6-7, ECF No. 21. Moreover, the Commissioner argues that Plaintiff's own daily activities clearly support a finding that she can perform sedentary work. Def.'s Br. 7, ECF No. 21. The Commissioner argues that the ALJ considered all of the objective and subjective evidence of the record in properly concluding that Plaintiff was not disabled. Def.'s Br. 9-10, ECF No. 21.

In *Newton v. Apfel*, the Fifth Circuit stated the following:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)]. . . . This court [] holds that an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist. The ALJ failed to perform this analysis, which should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000). Sections 404.1527(c) and 416.927(c) state in part the following:

> (c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
>     (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
>     (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
>         (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more

times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

      (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.

    (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.

    (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

    (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

    (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

20 C.F.R. §§ 404.1527(c), 416.927(c).

While the Commissioner contends that the ALJ's boilerplate language stating that the evidence was reviewed in accordance with the requirements of Section 416.927 was sufficient, a court in the Northern District of Texas recently rejected the same argument. *See* Def.'s Br. 6, ECF No. 21; Tr. 41, ECF No. 17-3 ("The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p."). The court in *Hill v. Commissioner* stated the following:

> The facts of this case put it squarely within *Newton*'s purview. The ALJ rejected the treating physician's opinion without assigning any weight to the opinion or conducting an examination of the relevant factors, instead giving great weight to the opinions of a non-examining source. And, while the ALJ's Notice includes a boiler-plate line stating the evidence was reviewed in accordance with 20 C.F.R. § 416.927(c)(2), this statement on its own is not sufficient. . . . There is no discussion of Dr. Parsons' length of treatment or frequency of examination; nor is there any

discussion of the nature and extent of the treatment relationship. There is also no analysis of the support afforded to Dr. Parsons' opinion by the medical evidence of record, the consistency of the opinion with the record as a whole, or the specialization, if any of Dr. Parsons.

*Hill v. Commissioner*, No. 4:16-CV-25-CAN, 2017 WL 1049624, at *6 (N.D. Tex. Mar. 20, 2017), (citing *Gerken v. Colvin*, No. 3:13-CV-1586-BN, 2014 WL 840039, at *6 (N.D. Tex. Mar. 4, 2014)). The Commissioner's argument that Dr. Hariz's own treatment notes constitute competing first-hand evidence also lacks merit. *See* Def.'s Br. 7, ECF No. 21; *Hill*, 2017 WL 1049624, at *7 ("[T]he ALJ at no juncture made a finding that another treating or examining physician's opinion was more well-founded than Dr. Parsons. Absent such a factual finding, the ALJ cannot avoid analyzing the Section 404.1527(c) factors when declining to give controlling weight to a treating physician, such as Dr. Parsons." (citing *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009); *Yearout v. Astrue*, No. 10-CV-430-BH, 2010 WL 4860784, at *10 (N.D. Tex. Oct. 26, 2010)); *see also Yearout*, 2010 WL 4860784, at *10 ("The ALJ here did not find as a factual matter, and based on competing first-hand evidence, that another doctor's opinion was more well-founded than Dr. Berger's opinion, or weigh Dr. Berger's opinion on disability against the medical opinion of other physicians who had treated or examined Plaintiff and had specific medical bases for a contrary opinion. . . . The ALJ was therefore required to perform the six-factor analysis outlined in 20 C.F.R. § 404.1527[] before rejecting Dr. Berger's opinion. . . . [T]he case must be remanded to the Commissioner for reconsideration of Dr. Berger's opinion under the factors set out in 20 C.F.R. § 1527[].").

Without an articulation of a detailed analysis of the Section 416.927(c) factors, the Court is unable to state whether the ALJ would have come to a different conclusion had she given more consideration to Dr. Hariz's opinion. Upon consideration of the foregoing, the Court concludes that

the ALJ's decision is not supported by substantial evidence. *See Hill*, 2017 WL 1049624, at *8 ("It is the ALJ's responsibility to weigh the evidence, and the Court is unable to say what the ALJ would have done had he properly weighed all relevant evidence of record. . . . Therefore, the case should be remanded for reconsideration[.]"); *Wilder*, 2014 WL 2931884, at *6 ("On the record before it, the Court cannot say that the failure to conduct the detailed analysis is harmless error. Had the ALJ conducted that analysis, there is a realistic possibility that he would have given greater weight to the opinions of the treating physician."). Because the Court finds that reversal is warranted for the reasons discussed, the Court pretermits consideration of Plaintiff's alternative ground for reversal as she can raise it on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## **CONCLUSION**

For the reasons stated above, the final decision of the Commissioner is REVERSED and REMANDED.

SO ORDERED, this 15th day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE